[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 594.]

OFFICE OF DISCIPLINARY COUNSEL V. BROWN.

[Cite as *Disciplinary Counsel v. Brown*, 1996-Ohio-123.]

*Attorneys at law—Misconduct—Indefinite suspension with petition for reinstatement conditioned upon complete restitution—Conviction of grand theft and theft.*

(No. 95-2124—Submitted December 6, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-61.

_____

{¶ 1} In a complaint filed October 18, 1993, relator, Office of Disciplinary Counsel, charged respondent, Perry Lowell Brown of Eaton, Ohio, Attorney Registration No. 0037877, with one count of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on June 12, 1995.

{¶ 2} Although respondent did not attend the panel hearing, the parties stipulated to his violation of DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), 7-102(A) (failure to represent client within bounds of the law), and 9-102 (failure to preserve client's funds and property). Respondent stipulated to this misconduct because he had converted $9,748.88 from the Estate of Emory W. McIntyre in 1992 while employed by Eaton National Bank and Trust Co. (the "bank"), the executor of the estate. Respondent had been entrusted with the executor's duties and responsibilities while employed as a trust officer and in-house legal counsel for the bank. He converted the funds by writing eight checks to himself and depositing each in his personal bank account. Respondent's thefts were

discovered in 1993, and he subsequently returned $6,365.55 to the bank, as a result of cashing in his pension and IRA accounts; the remaining balance of $3,383.33 apparently was also repaid, but from other sources.

{¶ 3} The parties also stipulated to respondent's violation of DR 1-102(A)(3), (4) and (6) (conduct adversely reflecting on fitness to practice law) based on the following stipulated facts:

"[1.]    On February 8, 1994, [r]espondent *** was indicted by a Preble County Grand Jury in a six[-]count Indictment:

"COUNT I:  Grand Theft  (felony of the third degree), in violation of [R.C.] 2913.02(A)(2), for the taking of monies from the Preble County 4-H Committee in the sum of  $ 6,158.61 between March 25, 1992 through June 2, 1993[.]

"COUNT II:  Attempted Theft ([m]isdemeanor of the first degree), [R.C.] 2923.02 (A), for the attempt of the taking of monies in the sum of $ 1,150.00[.]

"COUNT III:  Theft (felony of the fourth degree), [R.C.] 2913.02(A)(2), for the taking of monies from the  St. Clair Foundation in the sum of $850.00[.]

"COUNT IV:  Theft (felony of the fourth degree), [R.C.]  2913.02(A)(2), for the taking of monies from the Humane Society of Preble County, Inc. in the sum of $ 3,500.00[.]

"COUNT V:  Theft (felony of the fourth degree), [R.C.] 2913.02(A)(2), for the taking of monies from the KI-OP Account (Kiwanis Optimists Club) in the sum of $ 623.83[.]

"COUNT VI:  Grand Theft (felony of the third degree), [R.C.] 2913.02 (A) (2), for the taking of monies from the Estate of Emory W. McIntyre and/or Eaton National Bank and Trust Co. in the sum of $9,748.88[.]

"***

"[2.]    Pursuant to negotiations, *** [r]espondent *** [pled guilty] to Counts I and III [*sic*, VI] of the Indictment, both being felonies of the third degree. Upon entering said pleas, the [s]tate of Ohio dismissed the remaining counts

(Counts II, III, IV and V). As part of his plea, [r]espondent agreed to pay restitution on all six counts.

"[3.] On July 8, 1994, [r]espondent was sentenced *** to two *** years['] incarceration on both counts (Count[s] I and VI), with said sentences to run and be served concurrently. The sentence was duly suspended and [r]espondent ordered to be placed on probation for five *** years upon certain terms, including: cooperation with Disciplinary Counsel; restitution in the sum of *** [$11,700.55]; and two hundred and fifty hours *** [of] community service."[1]

{¶ 4} The panel found that respondent had violated the Disciplinary Rules, as stipulated. In recommending a sanction for this misconduct, the panel considered (1) the parties' joint suggestion that respondent receive an indefinite suspension, (2) that respondent had repaid the stolen funds to all of his victims, except the Eaton National Bank and Trust Co., to which he still owed $3,585, with part or all of this amount, the record being unclear, reflecting the bank's costs in investigating the thefts, and (3) that he had cooperated fully with police officials and prosecution authorities. The panel recommended that respondent receive an indefinite suspension from the practice of law and that complete restitution, not only to Eaton National Bank and Trust Co., but to respondent's grandparents from whom he had borrowed funds to repay his victims, be a condition for his reapplication to the practice of law.

{¶ 5} The board adopted the panel's report, including its findings of fact, conclusions of law, and recommended sanction.

_____

1. On November 3, 1994, in accordance with Gov.Bar R. V(5)(A)(3), respondent was suspended indefinitely from the practice of law for his felony convictions. *In re Brown* (1994), 71 Ohio St.3d 1401, 640 N.E.2d 1146.

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Perry Lowell Brown*, *pro se*.

———————————

*Per Curiam*.

{¶ 6} We concur in the findings of misconduct and recommendation of the board. Respondent, Perry Lowell Brown, is hereby indefinitely suspended from the practice of law in Ohio, with any petition for reinstatement conditioned upon complete restitution to the Eaton National Bank and Trust Co. and reimbursement to respondent's grandparents for all monies borrowed to make restitution. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT and F.E. SWEENEY, JJ., concur.

RESNICK, PFEIFER and COOK, JJ., dissent and would disbar.

———————————

4